O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CORNELIUS TATUM, | ) | NO. CV 10-07538-MAN |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

Plaintiff filed a Complaint on October 19, 2010, seeking review of the denial by the Social Security Commissioner (the "Commissioner") of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On December 16, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on July 28, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and defendant requests that the Commissioner's decision be affirmed or, alternatively, remanded for further administrative

proceedings.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 1, 2007, plaintiff filed an application for a period of disability and DIB.  (Administrative Record ("A.R.") 11, 16.) Plaintiff, who was born on April 7, 1970,[1] claims to have been disabled since August 20, 2007, due to lower back injuries.[2]  (A.R. 11-17, 50, 61.)  Plaintiff has past relevant work experience as a "material handler/warehouseman." (A.R. 15.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 11, 50-54, 61-65), plaintiff requested a hearing (A.R. 67).  On June 5, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Michael D. Radensky (the "ALJ").  (A.R. 18-47.)  Plaintiff's wife, Kisha Tatum (A.R. 37-42), and vocational expert Rinehart (A.R. 43-46) also testified.

On August 27, 2009, the ALJ denied plaintiff's claim (A.R. 11-17), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 2-4).  That decision is now at issue

---

[1]   On the date of the alleged disability onset date, plaintiff was 37 years old, which is defined as a younger individual.  (A.R. 16; *citing* 20 C.F.R. § 404.1563.)

[2]   In the Joint Stipulation, plaintiff claims disability due to "severe back pain."  (Joint Stipulation "Joint Stip." at 2.)

1  in this action.

2

3                    **SUMMARY OF ADMINISTRATIVE DECISION**

4

5       The ALJ found that plaintiff meets the insured status requirements
6  of the Social Security Act through December 21, 2011. (A.R. 13.) The
7  ALJ also found that plaintiff has not engaged in substantial gainful
8  activity since August 20, 2007, the alleged onset date. (*Id.*) The ALJ
9  determined that plaintiff has the severe impairment of degenerative disc
10 disease of the lumbar spine. (*Id.*) The ALJ further determined that
11 plaintiff does not have an impairment or combination of impairments that
12 meets or medically equals one of the listed impairments in 20 C.F.R.
13 Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525,
14 404.1526). (*Id.*)

15

16      After reviewing the record, the ALJ determined that plaintiff has
17 the residual functional capacity ("RFC") to perform light work as
18 defined in 20 C.F.R. § 404.1567(b), with the exception that plaintiff
19 can perform "no more than occasional postural activities." (A.R. 14.)
20 The ALJ further determined that plaintiff is unable to perform his past
21 relevant work as a "material handler/warehouseman." (*Id.*)

22

23      The ALJ found that plaintiff "has at least a high school education
24 and is able to communicate in English." (A.R. 16.) The ALJ also found
25 that "[t]ransferability of job skills is not material to the
26 determination of disability because using the Medical-Vocational Rules
27 as a framework supports a finding that [plaintiff] is 'not disabled,'
28 whether or not [plaintiff] has transferable job skills." (*Id.*)

1    Having considered plaintiff's age, education, work experience, and
2    RFC, as well as the testimony of the vocational expert, the ALJ found
3    that jobs exist in significant numbers in the national economy that
4    plaintiff could perform, including those of assembler small parts I,
5    cashier, and electronic worker.   (A.R. 16.)   Accordingly, the ALJ
6    concluded that plaintiff has not been under a disability, as defined in
7    the Social Security Act, from August 20, 2007, through the date of his
8    decision.   (A.R. 17.)

9

10                           **STANDARD OF REVIEW**

11

12    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
13   decision to determine whether it is free from legal error and supported
14   by substantial evidence in the record as a whole.   Orn v. Astrue, 495
15   F.3d 625, 630 (9th Cir. 2007).   Substantial evidence is "'such relevant
16   evidence as a reasonable mind might accept as adequate to support a
17   conclusion.'"   Id. (citation omitted).   The "evidence must be more than
18   a mere scintilla but not necessarily a preponderance."   Connett v.
19   Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).   "While inferences from the
20   record can constitute substantial evidence, only those 'reasonably drawn
21   from the record' will suffice."   Widmark v. Barnhart, 454 F.3d 1063,
22   1066 (9th Cir. 2006)(citation omitted).

23

24    Although this Court cannot substitute its discretion for that of
25   the Commissioner, the Court nonetheless must review the record as a
26   whole, "weighing both the evidence that supports and the evidence that
27   detracts from the [Commissioner's] conclusion."   Desrosiers v. Sec'y of
28   Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also

Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff makes the following claims: (1) the ALJ's decision is not supported by substantial evidence; and (2) the ALJ failed to properly reject the testimony of plaintiff and his wife. (Joint Stip. at 3-17.)

///
///
///
///

5

1   **I.    The ALJ Failed To Give A Specific And Legitimate Reason Supported**
2        **By Substantial Evidence For Rejecting The Opinion Of Plaintiff's**
3        **Treating Doctor.**

4

5        Plaintiff claims that the ALJ's decision is not supported by
6   substantial evidence, because the ALJ failed to properly reject the
7   opinion of plaintiff's treating doctor and, instead, improperly relied
8   upon the opinions of nonexamining doctors.  (Joint Stip. at 3-5, 8-11.)

9

10       It is the responsibility of the ALJ to analyze evidence and resolve
11  conflicts in medical testimony.  Magallanes v. Bowen, 881 F.2d 747, 750
12  (9th Cir. 1989).  In the hierarchy of physician opinions considered in
13  assessing a social security claim, "[g]enerally, a treating physician's
14  opinion carries more weight than an examining physician's, and an
15  examining physician's opinion carries more weight than a reviewing
16  physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir.
17  2001); 20 C.F.R. § 404.1527(d).

18

19       The opinions of treating physicians are entitled to the greatest
20  weight, because the treating physician is hired to cure and has a better
21  opportunity to observe the claimant.  Magallanes, 881 F.2d at 751.  When
22  a treating physician's opinion is not contradicted by another physician,
23  it may be rejected only for "clear and convincing" reasons.  Lester v.
24  Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended).  When contradicted
25  by another doctor, a treating physician's opinion may only be rejected
26  if the ALJ provides "specific and legitimate" reasons supported by
27  substantial evidence in the record.  *Id*.  "The opinion of a nonexamining
28  physician cannot by itself constitute substantial evidence that

6

justifies the rejection of the opinion of . . . a treating physician."
*Id*. at 831; *see* Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir.
1990)(finding that the nonexamining physician's opinion "with nothing
more" did not constitute substantial evidence).

An ALJ "has a special duty to fully and fairly develop the record
and to assure that claimant's interests are considered." Brown v.
Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Pursuant to 20 C.F.R. §
404.1512(e), the Administration "will seek additional evidence or
clarification from your medical source when the report from your medical
source contains a conflict or ambiguity that must be resolved, [or] the
report does not contain all the necessary information . . . ." *See*
Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)(noting that "[i]f
the ALJ thought he needed to know the basis of [the doctor's] opinions
in order to evaluate them, he had a duty to conduct an appropriate
inquiry").

On October 5, 2007, plaintiff was seen for a follow-up evaluation
by Dr. Alex H. Etemad, M.D., an orthopedic specialist and plaintiff's
primary treating physician, for his allegedly disabling spinal
condition. (A.R. 201-04.) After reviewing plaintiff's MRI film and
findings "in great detail," Dr. Etemad diagnosed plaintiff with
"[l]umbar spine L5-S1 disc-desiccation, dehydration and darkening as
shown on the MRI with 4-millimeter herniation as well as milder findings
at the L2-L3 level with severe and disabling low[er] back pain with
radiation to the left thigh." (A.R. 202.) Dr. Etemad found that
plaintiff had "continued spasm, tenderness and guarding and positive
straight leg raise with radicular finding . . . as [previously]

documented in detail [in his] chart." (A.R. 201.) Dr. Etemad also
noted that plaintiff "has tried various therapy modalities as well as
various medications . . . , but the pain is persisting." (A.R. 202.)
Dr. Etemad noted that plaintiff's back pain "has been causing a lot of
limitation, pain, tenderness, and muscle spasms for a long period of
time." (*Id.*) Accordingly, Dr. Etemad opined that the "proper course of
action is to provide epidural steroid injections" with the hope that "by
performing these outpatient injections . . . [plaintiff] can avoid
surgery [on his] low[er] back." (*Id.*) Dr. Etemad also refilled
plaintiff's prescription for "Vicodin extra strength as well as Soma."
(A.R. 203.) Dr. Etemad opined that plaintiff would be "temporarily and
totally disabled" and unable to work until January 2, 2008, due to his
low[er] back condition. (*Id.*)

Treatment notes from November 7, 2007, to August 27, 2008, which
appear to contain Dr. Etemad's signature, indicate that plaintiff
continued to experience pain, stiffness, and spasms. (A.R. 226-30.) In
addition, Dr. Etemad again diagnosed plaintiff with problems in his left
thigh and lower back at the L5-S1 and L2-L3 locations. (*Id.*) With
respect to Dr. Etemad's opinion regarding plaintiff's temporary
disability, a December 14, 2007 treatment note indicated that plaintiff
would be unable to work until March 1, 2008. Similarly, a May 16, 2008
treatment note indicated that plaintiff would not be able to work until
September 16, 2008. An August 27, 2008 treatment note indicated that
plaintiff wanted to return to work, and "return to work" was listed,
among other things, in plaintiff's treatment plan. (A.R. 226.)

In his decision, it appears that the ALJ gives less weight to Dr.

8

Etemad's opinion than that of the State Agency reviewing physicians, because Dr. Etemad only found that plaintiff was temporarily disabled and would be able to return to work.  Specifically, the ALJ notes that "the record contains opinions from [plaintiff's] treating physician regarding temporary disability (Exhibits 2F, p. 6 and 6F, p. 5).  Both records show [plaintiff] would be able to return to work and therefore, do not warrant great weight."[3]  (A.R. 15.)  The ALJ did give great weight, however, to the opinions of the State Agency reviewing physicians.

The ALJ's reason for rejecting Dr. Etemad's opinion is not specific, legitimate, or supported by substantial evidence, as required.  As an initial matter, the two records cited by the ALJ, in which plaintiff was found to be temporarily and totally disabled, were completed by two different physicians, not one, as the ALJ's opinion suggests.  The first record cited by the ALJ -- finding plaintiff to be temporarily and totally disabled from August 23, 2007, to September 6, 2007 -- was completed by Gabriel Martin del Campo, M.D.  (A.R. 217.)  The second record cited by the ALJ -- finding plaintiff to be temporarily and totally disabled until January 2, 2008 -- was completed by Dr. Etemad, on November 5, 2007.  (A.R. 203.)  Further, contrary to the ALJ's suggestion, it does not appear that Dr. Etemad opined that

--------

[3]     In determining that plaintiff does not meet a Listing, the ALJ loosely refers to the findings and opinion of Dr. Etemad.  Specifically the ALJ notes that "[s]ubsequent medical records show [plaintiff] was seen sporadically with similar [lower back] complaints for which he has received conservative treatment consisting of prescription medication and a series of 3 epidural injections (Exhibits 2F, 6F, 7F, and 8F)."  The ALJ's summary of plaintiff's treatment, however, does not constitute an appropriate reason for rejecting the opinion and findings of Dr. Etemad.

plaintiff could return to work.  In fact, later treatment notes from Dr. Etemad, which the ALJ either ignored or inexplicably failed to discuss, indicate, *inter alia*, continuing periods of temporary disability.  For example, a December 14, 2007 treatment note indicated that plaintiff could not work until March 1, 2008.  (A.R. 229.)  Similarly, a May 16, 2008 treatment note indicated that plaintiff could not work until September 16, 2008.   (A.R. 227.)   The only reference to plaintiff returning to work is in an August 27, 2008 treatment note in which Dr. Etemad noted that plaintiff wants to return to work and listed "return to work" as part of plaintiff's treatment plan; however, it is unclear whether Dr. Etemad believed plaintiff could perform work at that time or at some date in the future.  (A.R. 226.)  Accordingly, the ALJ's reason cannot constitute a specific and legitimate reason for rejecting Dr. Etemad's opinion.[4]

---

[4]    Defendant contends that Dr. Etemad's finding that plaintiff was temporarily and totally disabled is not entitled to special weight, because such disability determinations are reserved to the Commissioner. (Joint Stip. at 6-7.)   While it is true that a treating physician's opinion on the matter of ultimate disability is not entitled to special significance, "a treating physician's *medical* opinion is generally [entitled] to more weight."  Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008).   A medical opinion "'reflect[s] judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.'"   *Id.* (*citing* 20 C.F.R. § 404.1527(a)(2)).   Here, not only did Dr. Etemad find plaintiff to be temporarily and totally disabled, but he also opined, after reviewing plaintiff's charts and MRI, that plaintiff has, *inter alia*:  "severe and disabling back pain with radiation to the left thigh," which "has been causing a lot of limitation, pain, tenderness, and muscle spasms" (A.R. 201-202); and "continued spasms, tenderness and guarding and positive leg raise with radicular finding" (A.R. 201).   Critically, the ALJ failed to give a specific and legitimate reason for rejecting Dr. Etemad's opinion regarding plaintiff's symptoms and limitations.   Thus, to the extent defendant contends that the ALJ properly gave less weight to Dr. Etemad's *medical* opinion because it also contained an opinion regarding disability, defendant's argument is not legitimate.

1    Moreover, while the ALJ relies on the opinions of nonexamining
2    State Agency review physicians Dr. Khank T. Vu, D.O., an osteopathic
3    physician (A.R. 205-11), and Diane B. Rose, M.D., an internal medicine
4    specialist (A.R. 212), their opinions, alone, cannot constitute
5    substantial evidence, because they are not based on any independent
6    findings, and the ALJ failed to give a specific and legitimate reason
7    for rejecting Dr. Etemad's opinion.[5] Andrews, 53 F.3d at 1041 (noting
8    that where "a nontreating source's opinion contradicts that of the
9    treating physician but is not based on independent clinical findings, or
10   rests on clinical findings also considered by the treating physician,
11   the opinion of the treating physician may be rejected only if the ALJ
12   gives specific, legitimate reasons for doings so that are based on
13   substantial evidence of record").

14

15   Accordingly, for the aforementioned reasons, the ALJ failed to give
16   a specific and legitimate reason supported by substantial evidence for
17   rejecting the opinion of plaintiff's treating physician, Dr. Etemad.
18   This constitutes error. On remand, the ALJ needs to properly consider
19   Dr. Etemad's opinion and to the degree necessary, conduct an appropriate
20   inquiry regarding the extent of plaintiff's symptoms and limitations,
21   which Dr. Etemad opined, on several occasions, to be totally and
22   temporarily disabling.

23   ///

24   ///

25   ///

26
27        [5]   Indeed, Dr. Vu's December 17, 2007 opinion predates many of
     Dr. Etemad's later treatment notes and there is no indication that Dr.
     Rose, in affirming Dr. Vu's opinion, was provided and/or took into
28   account any of Dr. Etemad's later treatment notes.

1    **II.   The ALJ Must Reconsider The Testimony Of Plaintiff And His Wife.**

2

3         Based on the foregoing, there are several matters that the ALJ

4    needs to review and reconsider on remand.   As a result, the ALJ's

5    evaluation of the testimony of plaintiff and his wife, as well as his

6    ultimate determination regarding plaintiff's credibility, may change.

7    Accordingly, the Court does not reach plaintiff's second claim -- *to*

8    *wit*, that the ALJ failed to properly reject the testimony of plaintiff

9    and his wife.   To properly review and reconsider this issue, the ALJ

10   needs to consider *all* the findings of plaintiff's treating doctor and,

11   to the degree necessary, conduct an appropriate inquiry to resolve any

12   ambiguity  surrounding  the  extent  of  plaintiff's  symptoms  and

13   limitations.   After so doing, the ALJ can determine what impact, if any,

14   this has on his assessment of the testimony of plaintiff and his wife.

15

16   **III.  Remand Is Required.**

17

18        The decision whether to remand for further proceedings or order an

19   immediate award of benefits is within the district court's discretion.

20   Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).   Where no

21   useful purpose would be served by further administrative proceedings, or

22   where the record has been fully developed, it is appropriate to exercise

23   this discretion to direct an immediate award of benefits.   *Id.* at 1179

24   ("[T]he decision of whether to remand for further proceedings turns upon

25   the likely utility of such proceedings.").   However, where there are

26   outstanding issues that must be resolved before a determination of

27   disability can be made, and it is not clear from the record that the ALJ

28   would be required to find the claimant disabled if all the evidence were

1    properly evaluated, remand is appropriate.  *Id.* at 1179-81.

2

3         Remand is the appropriate remedy to allow the ALJ the opportunity

4    to remedy the above-mentioned deficiencies and errors.  *See, e.g.,*

5    <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

6    further proceedings is appropriate if enhancement of the record would be

7    useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)

8    (remand appropriate to remedy defects in the record).  On remand, the

9    ALJ must correct the above-mentioned deficiencies and errors and, to the

10   extent necessary, conduct an appropriate inquiry.  After so doing, the

11   ALJ may need to reassess plaintiff's RFC in which case additional

12   testimony from a vocational expert likely will be needed to determine

13   what work, if any, plaintiff can perform.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2

3        Accordingly, for the reasons stated above, IT IS ORDERED that the
4  decision of the Commissioner is REVERSED, and this case is REMANDED for
5  further proceedings consistent with this Memorandum Opinion and Order.

6

7        IT IS FURTHER ORDERED that the Clerk of the Court shall serve
8  copies of this Memorandum Opinion and Order and the Judgment on counsel
9  for plaintiff and for defendant.

10

11        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

12

13  DATED:  August 25, 2011

14

15                                    _____
16                                    MARGARET A. NAGLE
                                      UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

14